LEVI P. HAZEN ET AL. v. MORRISON & SNODGRASS CO.

**Reversible Error Results From Prejudicial Remarks by Trial Judge in Hearing of Jury.**

Statements made by a trial judge within hearing of the jury during the progress of a trial are of the same effect as though embodied in the charge to the jury and, if they exhibit bias against either party an opinion as to the credibility of witnesses or as to the facts in issue, prejudicial error results for which the judgment will be reversed.

ERROR to common pleas court.

*Littleford, James, Frost & Foster,* for plaintiff in error.
*Robertson & Buchwalter* and *John C. Healy,* for defendant in error.

**SMITH, P. J.**

The action below was one to recover $26,961.62 from plaintiffs in error on account of an alleged fraudulent contract entered into between Levi P. Hazen, Alexander T. Hazen and Silas L. Snodgrass.

There are thirty-four similar counts in the petition of which the first may be taken as a sample.

This cause of action alleges that the plaintiff, the Morrison & Snodgrass Company, is a corporation organized under the

Hazen v. Morrison & Snodgrass Co.

laws of Ohio, and complains of the defendants, Levi P. Hazen and Alexander T. Hazen, partners doing business under the firm name of L. P. Hazen & Company, and Silas L. Snodgrass, and says that at the times hereinafter named said Silas L. Snodgrass was its duly elected secretary and treasurer, authorized and empowered by it to make estimates on the value of mill-work in the building trade and to make contracts in its name and behalf therefor.

That his codefendants, Levi P. Hazen and Alexander T. Hazen, were building contractors, and well knowing the employment and the trust reposed by the plaintiff in said Snodgrass, did on or about June 19, 1903, wrongfully, corruptly and fraudulently agree with the said Snodgrass, and he with them, to make and did make a contract by and between the plaintiffs and the said L. P. Hazen & Company to furnish said firm the mill-work for a certain building in the city of Cincinnati of the true value of $4,765, or more, for the nominal contract price of $3,000, to be paid to the plaintiff; said plaintiff delivered said mill-work to said L. P. Hazen & Company; said defendants wrongfully, corruptly and fraudulently intending and agreeing to divide between themselves all value thereof in excess of $3,000, to wit, the sum of $1,765, or more, the exact portion thereof to be given to said Snodgrass and said Hazens the plaintiff can not definitely state, but that the said Hazens did distribute and pay to said Snodgrass individually on or about November 25, 1903, in pursuance of their said wrongful, corrupt and fraudulent agreement, the sum of $500, and did retain to themselves about the sum of $1,265 of the said value of said mill-work in excess of said nominal contract price of $3,000, which sum of $3,000 was accepted by the plaintiff, without any knowledge of said corrupt and fraudulent agreement between the said defendants.

That all of said money paid to Silas L. Snodgrass and retained by said Hazens, to wit, the difference between said sum of $3,000 and the true value of said mill-work, was justly due to the plaintiff, which the defendants fraudulently converted to

### Hamilton County.

their own use, and it was thereby damaged in the sum of $1,765 with interest from November 25, 1903.

Each of the defendants filed answers denying these allegations.

The case was tried to a jury, who returned a verdict of $13,200, upon which judgment was subsequently entered by the trial court; and to reverse which judgment this suit in error is brought.

The first error complained of is, that competent proof was not offered by defendant in error to establish the true value of the mill-work that was fraudulently sold. In this regard we think the evidence offered was competent and that no error was committed by its admission.

The second ground of error urged upon the court consists in statements made by the trial judge during the progress of the trial, which it is claimed were prejudicial to plaintiff in error. Without setting forth in detail the matters complained of in this regard, it seems to us that they are sufficient to justify the reversal of the judgment of the court. It is well understood that juries are influenced by the language of the presiding judge, and in fact the law recognizes this. In his charge to a jury the court can readily sway it in its judgment; if he expresses an opinion on any disputed fact or upon the character of a witness which in any way tends to prejudice the jury, he commits an error of law, for which the verdict and judgment should be set aside. The facts of a case and the credibility of witnesses are solely for the determination of the jury, and statements of the court during the trial practically have the same effect as though they were embodied in its charge.

In the case at bar it is evident from the record that the suit was a very bitterly contested one. Many disputed facts arose. We are mindful of the fact, that a verdict of the jury in any case should not be set aside, unless the error claimed is such that it affects the substantial rights of an adverse party to the suit, or is prejudicial, but we believe from the record that such is this case.

Hazen v. Morrison & Snodgrass Co.

Undoubtedly, any remarks of the presiding judge made in the presence of the jury, which have a tendency to prejudice their minds against the unsuccessful party, will afford grounds for a reversal of the judgment. 1 Thompson, Trials Sec. 218.

During the trial the judge should refrain from making any unnecessary comments which might tend to a result prejudicial to a litigant, and when calculated to influence the minds of the jury, such remarks constitute grounds for reversal. 38 Cyc. p. 1315.

The question of the credibility of witnesses is solely for the determination of the jury, and it is improper for the court to comment on or express an opinion directly, or by implication, on the credibility of the witnesses. The reason is that words or conduct of the trial judge may on one hand support the character or testimony of a witness or on the other may destroy the same in the estimation of the jury, and thus his personal and official influence is exercised to the unfair advantage of one of the parties with a corresponding detriment to the cause of the other. 8 Cyc. p. 1320.

Remarks of a trial judge showing bias in favor of one of the parties constitute prejudicial error. So it is ordinarily held to be reversible error for him to make remarks which will tend to incite prejudice or hostility in the minds of the jury towards one of the parties, and sympathy for the other and it has been held in a number of cases that the error is not cured by directing the jury to disregard the remarks. 38 Cyc. p. 1321; *State* v. *Tuttle,* 67 Ohio St. 440 [66 N. E. Rep. 524; 93 Am. St. Rep. 689]; *Metropolitan Life Ins. Co.* v. *Howle,* 68 Ohio St. 614 [68 N. E. Rep. 4]; *McDuff* v. *Journal Co.* 84 Mich. 1 [47 N. W. Rep. 671; 22 Am. St. Rep. 673].

We think there is error also in the charge of the court as disclosed on pages 772, 790 and 791 of the record and also in that portion of the charge in which the court speaks of the Latin maxim, *"falsus in uno, falsus in omnibus"*; also on page 783.

Counsel for defendant in error practically admit the exist-

ence of the above errors, but insist that they are not prejudicial and did not influence the jury.

In this respect we cannot agree with counsel, as the questions in dispute in the case at bar were such as that the minds of the jury should have been left free to determine the truth or falsity of the charge.

For these errors in the record the judgment of the court will be reversed and a new trial ordered.

**Swing** and **Jones, JJ.,** concur.