## PLEADING IN AN ACTION ON A LIFE INSURANCE POLICY.

Circuit Court of Cuyahoga County.

AMERICAN ASSURANCE COMPANY v. WALTER H. EARLY.

Decided, October 21, 1912.

*Insurance—Conditions Making Policy Void Matter of Defense—Section 9391, General Code, Applies to Renewals of Policies—Not Error to Fail to Give Instructions Not Requested—Statement in Physician's Affidavit for Proof of Death Not Competent for Other Purposes.*

1. In an action upon a life insurance policy, the conditions precedent, the performance of which the plaintiff is required to plead, include only those affirmative acts which are necessary in order to perfect his right of action on the policy, such as giving notice and making proof of loss, furnishing the certificate of a magistrate when required by the policy, and, it may be, other acts of like nature. Conditions which provide that the policy shall become void, or inoperative, or the insurer relieved wholly or partially from liability upon the happening of some event, or the doing, or omission to do some act, are matters of defense, and to be available must be pleaded and their breach alleged.

2. A statement in an application for a revival of an insurance policy which has lapsed is within the purview of Section 9391, General Code, and is not a defense to an action on the policy, unless the statement was wilfully false, fraudulently made, and material, and induced the company to renew the policy.

3. Error consists not in the failure, but in the refusal to give instructions to which a party is entitled.

4: Statements in a physician's affidavit introduced in an action upon an insurance policy to make proof of loss, are not competent as evidence to establish an affirmative defense, as that the disease from which the insured died existed before the renewal of her policy.


*Stearns, Chamberlain & Royon,* for plaintiff in error.
*Wing, Myler & Turney,* contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

This is an action to reverse a judgment on an industrial insurance policy. It is claimed that three errors occurred on the trial; first, in not granting the motion of the Assurance Com-

pany to direct a verdict in its favor at the close of plaintiff's evidence; second, in not properly charging the jury, and third, in refusing to grant a new trial on the ground that the verdict was not supported by sufficient evidence, or was contrary to the weight of the evidence.

Early was the son and beneficiary of the assured, Martha Early, to whom a policy had been issued which she had permitted to lapse. On July 3, 1908, she applied for revival of her policy on a blank furnished by the company, as follows:

"APPLICATION FOR REVIVAL.

"Date, July 3rd.

"AMERICAN ASSURANCE COMPANY,
    "Philadelphia.

"My policy No. 94244 having lapsed on the 19th day of May, 1908, I hereby make application for revival of the same, and warrant, that I am now in good health and physical condition, and there is nothing in my habits or physical condition which is likely to impair my health or shorten my life. And I agree that if this warranty shall be in any respect untrue, my policy shall be treated in the same manner as if it had not been revived, upon the return to me of the premiums accompanying this application and hereafter paid. The revival upon this application shall be in all respects under and subject to the conditions of the policy, and shall take effect as of the date of the acceptance of this application by the secretary.

"MARTHA EARLY.
"Applicant's Signature.

"Witness:
"JOHN Z. JONES.

"I have received from the above applicant the sum of $1.80 premiums on account of the above application for revival.

"Date July 3, 1908, Collector, Jno. Z. Jones."

She died October 22, 1908, and proof of death was duly made on November 9, 1908. This proof of death consisted of a sworn statement of the beneficiary, a sworn satement of the attending physician and one from the undertaker.

The beneficiary, Early, among other things, stated as follows:

"3. The date of begining of the disability was April, 1908.

"10. The physician first called on account of the disability which caused death, in April, 1908."

The attending physician, G. W. Stevenson, M. D., among other things, stated as follows:

"9. (a)    Date of your first visit or prescription in last illness? April, 1908.

"(b)    Date of your last visit?    October 22, 1908.

"10.    Cause of death, immediate?    Cancer of lung.

"11.    Cause of death, remote?    Exhaustion from the suffering.

"12.    State the duration of illness (a) From personal knowledge?    From April, 1908, to October 22, 1908.    (b) From history of case?    About 8 months."

The policy, among other things, contained the following conditions:

"If this policy shall be revived after having lapsed it shall not cover death from any source originating prior to the revival thereof.

"The insured waives all legal objections to medical testimony of any and every kind, and authorizes his attending physician to make statements regarding the cause of death, which statements shall be competent evidence on behalf of the company in any suit upon this policy.

"Affirmative proofs of death must be furnished the company, and must contain full, complete and true answers to all questions on blanks furnished by the company for that purpose.    Final proofs must be furnished by the company within one month from the time of death.    The claimant must establish affirmatively by such final proofs that the death was such as is not excepted by the terms of this policy before indemnity hereunder is payable."

Because the proofs of death apparently disclosed that the assured died of a cause originating prior to the revival of the policy, the company refused to pay and this suit followed.

The company filed an answer to the plaintiff's petition admitting the issuance of the original policy, and that the said Martha Early died on October 22, 1908, but denying all other allegations of the petition, among others "that the said Martha Early and plaintiff have duly performed all of the conditions contained in said policy to be performed by them."

The answer then sets up the application for revival of the policy dated July 3, 1908, and states that at the time the in-

sured signed said application for revival, she was suffering from cancer of the lungs and was in ill health, which fact was known to her, and that her statements and warranties as to her health were false, were known by her to be false, were not known by the company to be false, and it relied upon them and that the policy was voided by reason thereof.

Tender back of premiums paid is alleged also.

On the trial the company admitted the payment of all premiums and the plaintiff introduced evidence showing that proofs of death had been furnished to and received by the company, and then rested.

Thereupon a motion to direct a verdict was made by the defendant, and it is urged that it should have been granted, because the plaintiff failed to prove the allegations of his petition that he and the assured had duly performed all of the conditions of the policy, particularly the condition that the policy should not cover death from any cause originating prior to its revival.

This point is not well taken.

Speaking of a fire insurance policy, and the rule is the same in life policies, the Supreme Court says in the case of *Moody* v. *Insurance Co.*, 52 O. S., 12:

"The conditions precedent, performance of which the plaintiff is required to plead in an action on such a policy, include only those affirmative acts which are necessary in order to perfect his right of action on the policy, such as giving notice and making proof of the loss, furnishing the certificate of the magistrate when required by the policy, and, it may be, other acts of like nature. Conditions which provide that the policy shall become void, or inoperative, or the insurer relieved wholly or partially from liability upon the happening of some event, or doing, or omission to do some act, are matters of defense, and to be available must be pleaded and their breach alleged."

In this case the plaintiff proved the issuance of the policy, its revival, the payment of premiums, death of insured, and the furnishing of proof of death; this made a case which was to be overthrown, if at all, by proof by defendant that the death of the insured occurred from a cause originating prior to its revival.

The motion to direct a verdict for defendant was properly overruled.

As to the charge, complaint is made that the court treated the application for revival as containing an answer to an interrogatory, and, with regard to it, charged that Section 9391 applied.    That section reads as follows:

"No answer to any interrogatory made by an applicant in his or her application for a policy, shall bar the right to recover upon any policy issued thereon, or be used in evidence upon any trial to recover upon such policy, unless it be clearly proved that such answer is willfully false, was fraudulently made, that it is material, and induced the company to issue the policy, and that but for such answer the policy would not have been issued; and, also that the agent or company had no knowledge of the falsity or fraud of such answer."

There was no error in this; the application was on a blank furnished by the company; it was in effect an interrogatory.

As the policy itself, however, contained a statement that if it should be revived after having lapsed, it should not cover death from any cause originating prior to its revival, the defendant was entitled to a charge that if the jury should find that the death of Martha Early was the result of a cause originating before July 3, 1908, then they must find for the defendant. *Metropolitan Life Ins. Co.* v. *Howle,* 62 O. S., 204; *Metropolitan Life Ins. Co.* v. *Howle,* 68 O. S., 614.

No request for such a specific charge was made.    The court however, seems to have covered the point in the following part of the charge:

"This lawsuit really turns upon the question of the renewal rather than upon the question of original policy.

"Item 2 in the conditions attached to the policy which was a part of the contract, is as follows:  'If this policy shall become lapsed it may be revived by the Secretary upon written application by the insured on forms furnished by the company and the payment of all back premiums.   Acceptance by the Secretary of such back premiums unaccompaned by such written application shall not be deemed a waiver of these requirements, but it shall be optional with the company to revive the policy or not. If this policy shall be revived after having lapsed, it shall not cover death from any cause originating prior to the revival thereof.'"

That is one of the conditions of the policy which is set up as a defense to this action.    The question to be determined by you in this action is:    What was the fact at the time this policy lapsed and was renewed?    The insurance company had the right to attach such conditions to their policies as they saw fit, and when a policy is accepted by an insured these conditions become a part of the contract and are binding upon the assured and upon the company as well.

The court goes on immediately afterward to treat of the force and effect of the *application* for a revival, and does not return to the conditions of the *policy*, but both matters were properly before the court for instructions to the jury and, the defendant having left the matter without request for more specific instructions, it is too late now to complain of an omission to charge on this matter in the direct manner that doubtless would have been used by the trial judge if a proper request had been made of him.

''Error consists not in the failure, but in the refusal to give an instruction to which a party is entitled.''    *Whitaker* v. *Ins. Co.*, 77 O. S., 518, 522.

As to the weight of the evidence, there is more doubt.

As we have seen, it was incumbent upon the defendant to prove that Martha Early died of a cause originating before July 3, 1908. The only evidence on this subject was the statements of the claimant and the attending physician contained in the proof of loss. The proof of loss was properly before the court on the issue of whether the claimant had complied with the terms of the policy and furnished them.    The statements of the physician, however, were not competent evidence of the fact that the cause of death had originated before July 3, 1908, for they were ex parte, made out of court, and he was not present for cross-examination.

The condition in the policy that the insured waives all legal objection to medical testimony of any and every kind and authorizes his attending physician to make statements regarding the cause of death, which statements shall be competent evidence on behalf of the company in any suit upon the policy, if binding upon the *beneficiary* merely unseals the lips of a physician which are ordinarily closed by his confidential relation to his patient,

and permits him to testify in court upon the cause of death; it does not make competent every statement the physician may make on the subject, on the street, or even in the proof of loss. Nor does the beneficiary so vouch for the truth of the statement made by the physician in the proof of loss that it binds him, for he is compelled to furnish a statement and can not control what the physician may state.

As to the statement of the beneficiary himself in answer to questions 3 and 10 in the so-called claimant's statement, they are evidently based upon the physician's statements to him, and while solemnly made by him in an affidavit furnished by him to the company, it may well be that the jury came to the conclusion that the company not having called him or the physician for examination before them, which it might well have done, it was doubtful of its own case and that they would have testified otherwise upon the stand.

The jury would have been warranted in drawing such a conclusion from the failure to call these or other witnesses and may have felt that there was not sufficient evidence before it to have the necessary preponderating influence in favor of the defendant's contention.

We are unable to say that substantial justice was not done in this case, and so the judgment is affirmed.