## MAIN CLOAK & SUIT CO v ROSENBAUM et

Ohio Appeals, 1st Dist, Hamilton Co

No 3939. Decided July 13, 1931

David N. Rosenbaum, Cincinnati, Stewart S. Cooper, for plaintiff in error.

D. T. Hackett, Cincinnati, for defendants in error.

ROSS, PJ.

These facts showed that Sarah Rosenbaum held herself out to the plaintiff in error as at least a partner in the business, if not the dominant owner of the same, and that she is now estopped to deny such relationship as to plaintiff in error, even though it may now be shown that no actual partnership existed.

It is urged, however, that the amended bill of particulars did not allege that the claim of plaintiff in error was based upon estoppel, but, on the contrary, alleged that Sarah Rosenbaum was directly liable to plaintiff in error for the debts sued upon.

Sec 1558-12 GC provides that:

"The bill of particulars and statements shall set forth in plain and direct language the facts constituting the cause of action, setoff, counterclaim, or defense."

And following this paragraph 4 provides:

"To expedite the business and promote the ends of justice the judges may from time to time adopt, publish, and revise rules relating to the matters of practice and procedure, classify the causes of action in the court, and prescribe with reference to each class the degree or particularity with which cause of action, setoff, counterclaim, or defense, shall be set up."

We are not cited to any rule of the Municipal Court of Cincinnati containing any requirement applicable to the question here.

In the case of **Globe Indemnity Co. v. Wassman, et als., 100 Oh St, 72,** the first paragraph of the syllabus is as follows:

"In order to avail himself of proof of a waiver or estoppel, a party, having opportunity therefore, must allege in his pleading facts invoking that equitable relief."

On page 87 of the opinion the Court say:

"This court has established the principle that, in order to avail himself of proof of a waiver, or estoppel, a plaintiff, having opportunity to do so, must allege in his pleadings facts invoking that equitable relief. **Eureka Fire & Marine Ins. Co. v. Baldwin, 62 Oh St, 368, 57 N. E., 57; Schurtz, Admr., v. Calvin, 55 Oh St., 275, 45 N. E., 527; Metropolitan Life Ins. Co. v. Howle, 68 Oh St., 614, 68 N. E., 4; List & Son Co. v. Chase, 80 Oh St, 42, 88 N. E., 120, 17 Ann. Cas., 61.** It frequently happens that a case may assume an aspect where a plaintiff, instead of setting up an estoppel in his petition, pleads it in his reply."

While such rule may be applicable to practice in the courts of common pleas, where the rules of procedure must be adhered to more strictly, we hold that it is inapplicable to practice in the Municipal Court, where it was designed and contemplated by the legislature that substantial justice under liberal rules of pleading should be secured unhampered by the application of technical rules of practice.

We conclude that to hold otherwise in the instant case would be to lend the offices of the courts to the perpetration of a plan, the ultimate result of which is to deprive creditors of the defendant in error of a security upon which they were induced to rely by the acts of those liable for the indebtedness.

As to Isaac Rosenbaum the judgments of the Municipal Court of Cincinnati and of the Court of Common Pleas will be affirmed. As to Sarah Rosenbaum, these judgments will be reversed and the causes remanded to the Municipal Court of Cincinnati, through the Court of Common Pleas, for new trials according to law.

CUSHING & HAMILTON, JJ, concur.