## PASTOR et v ROSENBAUM et

Ohio Appeals, 1st Dist, Hamilton Co

No 4076. Decided March 28, 1932

David N. Rosenbaum, Cincinnati, for plaintiffs in error.

Dennis T. Hackett, Cincinnati, for defendants in error.

One of the controlling facts in case No. 3939 is the statement made by Sarah Rosenbaum that she was "right with her husband in all business and she is the one taking care of the financial end of it." This court decided that this, taken in connection with her other statements and conduct, proved at least a holding out that she was a partner.

It appears from the record that counsel in the Pastor case, under consideration, tried his case largely on the theory that the decision in the Main Cloak & Suit Company case was decisive, to the effect that Sarah Rosenbaum was estopped to deny a partnership, if not a real partner. It is hardly necessary to say that the facts adduced in the trial of one case are not controlling of facts adduced in another case, although the parties may be similar or the same.

In the instant case, the plaintiffs in error must rely on the record adduced in the trial of their case. The facts are not the same, although there were some circumstances and statements not unlike those produced in the Main Cloak & Suit Company case. There is no proof of such statements as being "right with her husband in all business and she is the one taking care of the financial end of it." The fact is, that the record discloses no such admissions in the case under consideration, as disclosed by the record in the Main Cloak Company case.

It is urged by plaintiffs in error that the court erred in not permitting them to introduce statements against interest and statements that would tend to work an estoppel, and, they were. therefore, prejudiced and cite the court to page 40 of the bill of exceptions. On page 39 of the bill of exceptions, we find this question asked of one Philip Sapadin:

"Q. And what was the nature of the business of this account with your firm?"

Sapadin was the President of The Main Cloak & Suit Company. Objection was made to the question, and the objection sustained. The record then discloses the following:

"Mr. Rosenbaum: Note our exception, and we proffer that if the witness were permitted to answer, he would testify that the defendant Sarah Rosenbaum made a statement to him that she was jointly interested with her husband in this business and that she was taking care of the financial end of it and the ground for this state-

HAMILTON, J.

The plaintiffs in error rely largely on the decision in the case of Main Cloak & Suit Company v Rosenbaum et, in case No. 3939. decision by this court July 13, 1931, (11 Abs 338.)

In the Main Cloak & Suit Company case this court held under the evidence produced at that trial that Sarah Rosenbaum had held herself out to the plaintiff as "at least a partner in the business, if not the dominant owner of the same, and that she is now estopped to deny such relationship as to the plaintiff in error." This conclusion of the court in case No. 3939 was based upon the evidence adduced at that trial.

ment is that it is admission against interest."

This tender was in no wise responsive to the question. Counsel took a great deal for granted and made a tender of what he hoped or expected to bring out from the witness, but failed to so indicate in any question propounded. Following this, the plaintiff rested. The evidence suggested in the tender was important in the case as found by this court in the Main Cloak & Suit Company case, and if such fact was established by evidence, it would have been sufficiently controlling to require a reversal of the case on the weight of the evidence.

It must be borne in mind that the suit was on an account between Pastor and others and the Rosenbaums, and the question propounded was as to the account between The Main Cloak & Suit Company and the Rosenbaums, in which counsel asked the nature of the business of that account between the Main Cloak & Suit Company and the Rosenbaums.

The court did not err in excluding that evidence and there were no questions asked upon which the proffer could be based. It appears that counsel took too much for granted from the result of the Main Cloak & Suit Company case, and failed to get proper questions before the court upon which to determine admissibility.

While there is strong evidence in the record to sustain a proceeding in aid of execution, we do not find it sufficient to establish a partnership or estoppel in this case.

We find no reversible error in the record of the trial court, nor in the judgment of the Court of Common Pleas, affirming that judgment. The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court of Cincinnati, will be affirmed.

ROSS, PJ, and CUSHING, J, concur.