LAMARAND, APPELLEE, *v.* NATIONAL LIFE & ACCIDENT INS. CO., APPELLANT.

(Decided December 13, 1937.)

*Mr. Clarence P. Ducey,* for appellee.
*Messrs. Reams, Bretherton & Neipp,* for appellant.

OVERMYER, J.    This action was brought by appellee, Everett E. Lamarand, in the Municipal Court against the appellant insurance company to recover $531, being the face of an industrial policy of insurance on the life

of plaintiff's wife, Zelma C. Lamarand. Plaintiff was the beneficiary therein. On trial in that court a judgment was entered in favor of the plaintiff for the amount named. On appeal to the Common Pleas Court a trial resulted in a verdict in favor of the plaintiff which was later set aside by the trial court and a new trial granted. A re-trial in that court again resulted in a verdict for the plaintiff in the sum of $586.17, and, a motion for new trial having been overruled, judgment was entered thereon. From that judgment this appeal is prosecuted.

The assignments of error addressed to this court are: The verdict is against the weight of the evidence; overruling defendant's motion for the right to open and close the testimony and argument; charging the jury that the burden of proof was on the defendant; and overruling defendant's motion for a directed verdict at the close of all the evidence.

The facts, briefly, are shown to be as follows:

On March 12, 1934, the defendant insurance company issued to Zelma C. Lamarand, aged 39, and the mother of seven children, a life insurance policy, known as the "industrial" type, in the sum of $531, with premiums at the rate of 45 cents per week. From the date of issuance until her death on December 27, 1935, the premiums were paid regularly.

The policy contained the usual two-year incontestability clause, and contained this further provision:

"2. No obligation is assumed by the company prior to the date hereof. If the insured is not alive or is not in sound health on the date hereof; or if before the date hereof the insured has been rejected for insurance by this or any other company, order or association, or before said date has had any pulmonary disease or chronic bronchitis or cancer, or diseases of the heart, liver or kidneys, unless such rejection or previous disease is specifically recited in the 'Space for En-

.dorsements,' or in a waiver signed by the secretary, then, in any such case the company may, within the contestable period, declare this policy void and the liability of the company shall be limited to the return of the premiums paid on the policy.''

A few months after the insured's death the insurance company declared the policy void under the conditions above set out and thereupon tendered a return of all premiums paid in and demanded a return of the policy, which was refused by the plaintiff beneficiary.

The application for the policy was dated March 6, 1934, and the policy was issued and delivered March 12, 1934. On March 26, 1934, the insured was admitted as a patient at Flower Hospital, Toledo, Ohio, and a routine examination given and history taken by an interne. Her admission to the hospital was the result of a visit, earlier that day, by her husband to a doctor, upon whose recommendation she was taken to the hospital by her husband. After the routine examination and history-taking by the interne, the patient was taken in charge by a regular hospital physician, Dr. Wm. H. Meffley, who examined her and reported her suffering from carcinoma of the cervix, or mouth of the womb. Radium treatments were prescribed and given at once and this and other treatments were continued during the succeeding months until the death of the insured on December 27, 1935. Dr. Meffley gave an opinion that the patient had suffered from cancer for two or three months previous to March 26, 1934, which covered a period prior to the date of the application and issuance of the policy. It is the contention of appellant that on the date of the issuance of the policy the insured was not in sound health, being afflicted with cancer, and that the policy in question was therefore void *ab initio* under the conditions of the policy hereinbefore quoted.

Dr. Meffley was called as a witness by the insurance

company and, without objection, his testimony was received and considered. The testimony of the interne who made the routine examination and took the case history, Dr. Sroufe, was offered by deposition by the insurance company and, over the objection and exception of the plaintiff, was received, covering fully the questions and answers addressed to and given by the insured upon her admission to the hospital, and over objection there was received in evidence the hospital record showing such examination and case history made as a result of such inquiry. This was error, for the relation there existing made such examination and communications privileged. 42 Ohio Jurisprudence, 263, Section 261 (stating that the case of *Wills, Admr., v. National Life & Accident Ins. Co.*, 28 Ohio App., 497, 162 N. E., 822, holding that the privilege does not attach to public health institutions, is contrary to the holdings in other jurisdictions); 22 A. L. R., 1217, and cases cited; 28 Ruling Case Law, 540, Section 130.

"The same rule of law applies as fully and effectually to the assistant physician as it does to physician and surgeon in chief." *Smart* v. *Kansas City*, 208 Mo., 162, 105 S. W., 709, 123 Am. St. Rep., 415.

With the testimony of Dr. Sroufe, and the hospital record based on his testimony, eliminated, the question of the weight of the evidence as a ground of error has less significance and will be later discussed.

Considering next the claimed error in the refusal of the court to allow defendant to open and close the testimony and argument, we find the question presented by the fact that in the answer all the essential allegations of the petition were admitted, and at the very outset of the trial, when the case was called, and again when the jury had been impanelled and when the first witness was called, defendant moved the court to allow it to present its evidence first and to open and

close the testimony and argument. That motion in each instance was overruled. This is assigned as error.

Section 11420-1, General Code, prescribes the order of proceedings on trial, and provides as follows:

"When the jury is sworn, *unless for special reasons the court otherwise directs,* the trial shall proceed in the following order * * * :

"3. The party who would be defeated, if no evidence were offered on either side, first, must produce his evidence, and the adverse party must then produce his evidence." (Italics ours.)

In the state of the pleadings the defendant had the right to open and close, unless the court, for special reasons, directed otherwise. The court having directed otherwise, are we permitted to inquire into the reasons for so doing or the discretion so exercised? It appears that from an early date, the courts of Ohio have held that a reviewing court may not do so, at least unless prejudice affirmatively appears to have resulted. *Byrnes* v. *Painter,* 2 W. L. M., 547, 2 Dec. Rep., 375; *Dille* v. *Lovell,* 37 Ohio St., 415; *Cleveland & Elyria Elec. Rd. Co.* v. *Hawkins,* 64 Ohio St., 391 at 395, 60 N. E., 558; *Montgomery* v. *Swindler,* 32 Ohio St., 224; *Loudenback* v. *Lowry,* 4 C. C., 65, 2 C. D., 422; 39 Ohio Jurisprudence, 640, 641, Section 68.

We cannot say that prejudice resulted from the error complained of. The defendant had an opportunity and apparently did introduce all the evidence it had to offer, and did present its argument to the jury. There is no occasion to say that the result might have been different had this been done in different order.

Considering now the weight of the evidence and referring again to the testimony of Dr. Meffley in which he stated that the insured was afflicted with cancer of the cervix on March 26, 1934, the record shows that plaintiff called on rebuttal Dr. Steinberg, pathologist, who had never examined the insured but who testified

that occasionally it is possible to recognize cancer by visual examination of the parts or of tissue, but usually it can only be definitely recognized by microscopical and laboratory examinations and tests, and that it would take from twenty-four hours to four days to make a definite diagnosis in a case such as here presented, and that it would be impossible to determine by any method the definite age or beginnings of a cancer.

This testimony was offered to rebut the testimony of Dr. Meffley that he had made his diagnosis after a digital examination and examination of tissue with the naked eye, the entire procedure taking about one-half hour.

There is other testimony by lay witnesses, which is not of great help in determining the technical and disputed medical questions involved in the case. Neighbors and members of the family testified to the insured's healthful appearance and ability to do housework, and so forth, up to and during March, 1934. As to whether the insured finally died of cancer, we are left to conjecture, no death certificate or other evidence of cause of death appearing in the record.

Under the provisions of the policy there can be no dispute that if the insured was not in sound health at the time of the application and issuance of the policy early in March, 1934, the policy is void. *Metropolitan Life Ins. Co.* v. *Howle,* 62 Ohio St., 204, 56 N. E., 908; *Metropolitan Life Ins. Co.* v. *Howle,* 68 Ohio St., 614, syllabus, paragraph 4, 68 N. E., 4. Nor can it be disputed that if she at that time had cancer, she was not in sound health.

The jury, on the disputed evidence before it, returned a general verdict for the plaintiff and, in answer to special interrogatories submitted to it, said that the insured did not have cancer on March 12, 1934, and did not have cancer prior to that date, and was in sound health on that date. Upon the whole record we

cannot say that the verdict is against the manifest weight of the evidence, or that there is not sufficient evidence to sustain it. This finding disposes of the claim of the insurance company that its motions for a directed verdict should have been sustained.

The appellee, though successful, complains of a matter which requires our attention. Section 9389, General Code, provides as follows:

"Every company doing business in this state shall return with, and as part of any policy issued by it, to any person taking such policy, a full and complete copy of each application or other document held by it which is intended in any manner to affect the force or validity of such policy. A company which neglects so to do, so long as it is in default for such copy, shall be estopped from denying the truth of any such application or other document. In case such company neglects for thirty days after demand made therefor, to furnish such copies, it shall be forever barred from setting up as a defense to any suit on the policy, any incorrectness or want of truth of such application or other document."

It is conceded that no copy of the application was attached to or delivered with the policy, and further admitted that demand was duly made for such copy and that none was furnished by the company. We do not think, however, that the company was thereby barred from defending against the policy on the ground it did. We think this statute, with accompanying sections, is intended to bar an insurance company from defending on the ground of fraud or misrepresentation in the application for the policy unless a copy thereof is furnished to the insured. The defense here is not on that ground. It is based on a provision in the policy itself, "that no obligation is assumed by the company unless upon the date of the policy the insured shall be alive and in sound health." The insured's knowledge

of whether she is in sound health at the time has nothing to do with it. If the fact is at any time established that she was not then in sound health, the company, under the policy, could declare the policy void, within the two-year period, and its only obligation would be to return the premiums paid. *Metropolitan Life Ins. Co.* v. *Howle, supra.*

The judgment of the Common Pleas Court will be affirmed.

*Judgment affirmed.*

LLOYD and CARPENTER, JJ., concur.