## RICE v. NATIONAL LIFE & ACCIDENT INS. CO.

Common Pleas Court, Hamilton County.

No. A-125551.   Decided January 2, 1952.

Elmer E. Strasser, Cincinnati, for plaintiff.
Ervin L. Bramlage, Cincinnati, for defendant.

### OPINION
By BADER, J.

This case was heard without the intervention of a jury.

The plaintiff, Mildred Rice, is the beneficiary in an insurance policy with the defendant company, The National Life & Accident Insurance Company, on the life of her sister Gerucia Kirkland.

The policy was issued on May 22, 1950, and the insured, Gerucia Kirkland, died on the 21st day of August, 1950.

Plaintiff in her petition, among other things, alleges that she as well as the insured performed all of the conditions in-

cumbent upon them to perform under the terms and conditions of the insurance policy, and further alleges that the application for the insurance was not attached to the policy or in any way delivered to the insured.

The defendant company admits that Gerucia Kirkland filed an application with it on May 9, 1950, for life insurance, and relying on the statements and allegations in the application, issued the policy on May 22, 1950.

As its first defense the defendant alleges that the insured in her application "wilfully, falsely and fraudulently" stated "that she was in good health to the best of her knowledge and had never had, among other things, asthma, when in truth and in fact the said applicant knew that she had been treated for asthma for a period of approximately three years prior to the date of said application."

For its second defense the defendant sets forth that the policy issued to the insured contained the following statement: "(7) Effective Date—This policy shall take effect on the Date of Issue, provided the Insured is then alive and in sound health, but not otherwise."

Defendant then sets forth that the insured was not in "sound health" on May 22, 1950, and that she died on August 21, 1950, from bronchial asthma.

**Sec. 9389 GC** provides: "Every company doing business in this state shall return with, and as part of any policy issued by it, to any person taking such policy, a full and complete copy of each application or other document held by it which is intended in any manner to affect the force or validity of such policy. A company which neglects so to do, so long as it is in default for such copy, shall be estopped from denying the truth of any such application or other document. In case such company neglects for thirty days after demand made therefor, to furnish such copies, it shall be forever barred from setting up as a defense to any suit on the policy, any incorrectness or want of truth of such application or other document."

It is apparent from the evidence that the application which has been introduced in evidence over the objection of the plaintiff had at no time been attached to the policy or delivered in any manner to the insured, and for that reason the statements contained therein may not be used by the defendant, and the want of truth of such misrepresented application may not be set up as a defense on the ground of misrepresentation. This, however, does not prevent the insurer from defending on the ground that the insured was not in "sound health" at the date of the delivery of the policy, if the policy

should contain a clause to that effect. See **Syl. 3, Lamarand v. National Life & Accident Ins. Co., 58 Oh Ap 415, 16 N. E. 2d 701.**

There was a clause in the insurance policy in question referred to above which provided that the policy shall take effect on the date of issue provided the insured is then alive and in sound health and not otherwise. There is no question that the insured was alive on the date of issue of the policy which resolves itself to one question before the Court, to-wit: Was the insured in "sound health" on the date of issue?

The term "sound health" has been defined as—"that state of health which is free from any disease or ailment that seriously affects the general healthfulness of the system, not a mere indisposition." See **Metropolitan Life Ins. Co. v. Howle, syl. 5, 62 Oh St 204, 56 N. E. 908, 909.**

The Coroner's report indicates that the cause of death was "bronchial asthma chronic emphysema."

Dr. R. E. Christian testified that he had treated her five times and that bronchial asthma is only periodical and is not considered chronic, unless a disease lasts over a period of six months. He testified also that the insured did not have attacks of asthma when she was in Detroit, Michigan, and other testimony proved that she lived in Detroit for a period of from three to five years.

It is true that the defendant introduced some testimony that prior to and subsequent to the date of the issue of the policy, to-wit, in 1949 and on August 20, 1950, the day prior to her death, while defendant was in Cincinnati, the insured was treated for attacks of asthma. There is no testimony that on the date of issue the insured while she lived in Detroit was not in "sound health."

In the case of **McAtee, Appellant v. Western & Southern Life Ins. Co., Appellee, syl. 16, 82 Oh Ap 131, 81 N. E. 2d 225,** 227, the Court held: "Even though the insurer introduces substantial evidence showing the insured was not in sound health prior to the date of the application, and evidence that insured was not in sound health after the effective date of the policy, the effect of the estoppel created by statements in the application is not abrogated, unless there be substantial evidence that insured was not in sound health after the date of the application and when such policy became effective, even though the policy provides that it shall be void if the insured was not in sound health on its effective date."

From the evidence adduced it appears to the Court that the burden of showing that the insured was not in sound health at the date of issuance of the policy in question is

on the insurance company and if it fails to so prove by a preponderance of the evidence then it must be presumed she was in sound health as heretofore defined.

The Court is of the opinion that the plaintiff and the insured did everything incumbent upon them to do under the terms and conditions set forth in the policy of insurance, and that the defendant has failed to show by a preponderance of the evidence that the insured was not in sound health on the date of issue of the policy and that the plaintiff as the beneficiary is entitled to recover the face value of the policy together with interest and costs of court.

Accordingly judgment is rendered in favor of the plaintiff and against the defendant.