Zimmerman, J.,
dissenting. Statutes making communications between certain persons privileged being in derogation of the common law are to be strictly construed. Weis v. Weis, 147 Ohio St., 416, 72 N. E. (2d), 245, 169 A. L. R., 668.
To my mind, the majority opinion interprets and applies the Ohio privileged-communication statute beyond its intended purpose. Levinson’s proffered testimony related solely to his *127 observation of the testator’s physicial and mental condition prior to any establishment at that time of the attorney-client relationship. Moreover, if required in the instant case, I would adopt and apply in principle the liberal concept exemplified in Metropolitan Life Ins. Co. v. Howle, 68 Ohio St., 614, 68 N. E., 4, and Bahl v. Byal, 90 Ohio St., 129, 106 N. E., 766.
After all, an attempt to ascertain the truth by all pertinent and competent evidence available is important in any litigation. To this end, Section 2317.01, Revised Code, provides that “all persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.”
It is my studied conviction that the privileged-communication statute should definitely be limited to encompass only those situations coming squarely within its terms. See my dissenting opinion in Harpman v. Devine, Recr., 133 Ohio St., 10, 10 N. E. (2d), 780, 114 A. L. R., 794.
Therefore, I think the judgment of the Court of Appeals should be affirmed.
Weygandt, C. J., concurs in the foregoing dissenting opinion.