THE INDUSTRIAL COMMISSION OF OHIO
v. STRASSEL.

*Workmen's compensation — Appeal by claimant — Pleading — Grounds for denying claim — Evidence — Cause of injury — Statements to physician inadmissible, when.*

1. To perfect an appeal under Section 1465-90, General Code, the grounds for the rejection of the claim by the Industrial Commission need not be set forth in the petition.

2. Where an injured party makes a statement to a physician concerning the cause of the injury eight months after the accident happened, such statement is a mere narration of past events, is not a part of the *res gestae,* and is not admissible as evidence in an action for such injury.

(Decided June 23, 1919.)

ERROR: Court of Appeals for Hamilton county.

Mr. *Louis H. Capelle,* prosecuting attorney, and Mr. *Henry G. Hauck,* assistant prosecuting attorney, for plaintiff in error.

Mr. *Eli G. Frankenstein* and Mr. *George A. Hamma,* for defendant in error.

HAMILTON, J.   The action below was an appeal from the finding of the Industrial Commission of Ohio denying the right of the claimant, as the widow of Henry Strassel, to participate in the state insurance fund.   The trial of the cause resulted in a verdict and judgment for the plaintiff, and the Industrial Commission prosecutes error to this court.

The first specification of error goes to the question of whether or not the petition states a cause of action and to the jurisdiction of the court to try

the cause. Plaintiff in error urges that the petition was insufficient to state a cause of action and to give jurisdiction to the trial court to try the cause, in that it fails to set up the grounds of the rejection of the claim, as found by the Industrial Commission.

Section 1465-90, General Code, gives a claimant who is denied the right to participate at all in the insurance fund the right of appeal, as follows: "On the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant, within thirty (30) days after the notice of the final action of such board, may * * * appeal," etc.

It will be observed that the statute conferring the right of appeal does so upon condition that final action of the board denies the right of the claimant to participate at all in the fund upon one of the grounds therein enumerated.

It is averred in the petition:

"That the Industrial Commission of Ohio declined to allow appellant's claim and informed appellant in writing on July 28th, 1916, of the disallowance; that thereupon the said Industrial Commission was asked to rehear the claim; that said claim was reheard and the former finding of the Commission disallowing said claim was approved and confirmed in writing under date of November 21st, 1916.

"That in accordance with the provisions of Section 1465-90 of the General Code of Ohio she has filed her appeal from the aforesaid final action of

the defendants on the 12th day of December, 1916."

While the language used in the statute is not adopted by the pleader, nor any of the grounds therein set forth specifically enumerated in the petition, she does aver that her appeal is prosecuted under the authority of the section above quoted. Great liberality is permitted in proceedings under the Workmen's Compensation Law in order to carry out the spirit and intendment of that beneficent statute. We are therefore of opinion that facts sufficient to state a cause of action and to give jurisdiction to the court of common pleas are stated.

The second claim of error is that the court below erred in refusing to exclude the testimony of Dr. Wenning of statements by the decedent as to the cause of injury. It appears from the record that Dr. Wenning was permitted to testify to conversations between the decedent and himself in which the decedent narrated the circumstances relative to the cause of the alleged injury. It is claimed that the injury occurred in May or June, 1915, while the conversations and statements of the deceased as to the cause of the alleged injury took place in February, 1916, some eight months after the date of the alleged injury. The admission of this testimony was prejudicial error.

While the statements of a patient to a physician of his pain and suffering, and in regard to his present bodily and mental condition, to enable the physician to form an opinion of the extent and nature of his injuries, are competent, it is not competent for the physician to testify to the patient's

statements as to specific causes of injury, that being one of the issues before the jury.

In the case of *Lake Shore & Michigan Southern Rd. Co.* v. *Yokes,* 12 C. C., 499, the first paragraph of the syllabus is as follows:

"In an action to recover for injuries to the person, claimed to have been received in a railway collision, a physician who had been employed by the plaintiff to examine and treat her, can not be permitted to testify, as a witness in her behalf, to statements of the plaintiff as to the cause of such injuries, or that she attributed her condition to injuries received in such collision."

In the above case of *Railroad Co.* v. *Yokes* the authorities on these propositions are collated and elaborately quoted from by the court in the opinion, and it is unnecessary here to reiterate the authorities there cited, except to briefly mention them. The testimony of Dr. Wenning complained of is shown in the following answer:

"He said that he had previously—I forget the exact time before—he had been lifting a heavy body, I think it was a truck body to place on a chassis or something, and that somebody had let go who had been lifting it with him, let go his end of it, and that he had to bear the whole brunt of it, and that he felt a great strain."

This was a statement of a material fact and was used as evidence of that fact.

In the case of *Bacon* v. *Inhabitants of Charlton,* 7 Cush., 581, Justice Bigelow says at page 586:

"Where the bodily or mental feelings of a party are to be proved, the usual and natural expressions of such feelings, made at the time, are considered

competent and original evidence in his favor. * * * There are ills and pains of the body, which are proper subjects of proof in courts of justice, which can be shown in no other way. Such evidence, however, is not to be extended beyond the necessity on which the rule is founded. Any thing in the nature of narration or statement is to be carefully excluded, and the testimony is to be confined strictly to such complaints, exclamations and expressions as usually and naturally accompany, and furnish evidence of, a *present* existing pain or malady."

In the case of *Inhabitants of Ashland* v. *Inhabitants of Marlborough,* 99 Mass., 47, the court say:

"A physician's testimony can not include a recital of past events which his patient made to him."

In *Roosa* v. *Boston Loan Co.,* 132 Mass., 439, it was held:

"The statement by a patient to his physician of the cause of an injury from which he is suffering, is inadmissible as evidence of that cause in an action for the injury."

The authorities hold uniformly that a physician called to treat the plaintiff may not testify as to what the plaintiff said was the cause of the injury and that plaintiff attributed his present condition to such injury. The facts in this case with reference to the physician's testimony are clearly within the rule, and the testimony as to the statements of Strassel as to how the injury occurred, which alleged injury had happened some eight months prior thereto, should have been excluded from the jury.

Counsel for defendant in error urge that the testimony of Dr. Wenning was admissible as a part of

the *res gestae,* that although eight months had elapsed from the date of the alleged injury to the time of the statements to the physician a mere lapse of time would not prevent the statements of decedent from being a part of the *res gestae.* While it has been held that mere lapse of time alone is not a decisive test as to whether or not statements are a part of the *res gestae,* the evidence in this case was a mere narration of past events and clearly hearsay evidence on the part of the physician, and in no way included such spontaneous exclamations, and was not so interwoven with the principal fact as to be regarded as part of the *res gestae.*

The motion for a new trial should have been granted.

The judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

SHOHL, P. J., and CUSHING, J., concur.