## AS TO THE SENTENCING OF FEMALE MISDEMEANANTS OVER SIXTEEN YEARS OF AGE.

Common Pleas Court of Guernsey County.

STATE, EX REL, MRS. PAUL KUDRICK, v. H. M. MEREDITH, AS SHERIFF OF GUERNSEY COUNTY.

Decided, May 17, 1922.

*Sentence—Females Guilty of Misdemeanors and over Sixteen Years of Age—May not be Imprisoned for more than Thirty Days—Sentences which are Unauthorized Distinguished from Those which are Erroneous.*

1. By force of Sections 2148-1, 2148-5, 2148-6 and 2148-7, General Code, judges, magistrates and mayors of municipalities not having police courts, have no jurisdiction or power to sentence *female* misdemeanants over 16 years of age, to imprisonment in the county jail or workhouse except for periods less than thirty days, nor to remand to jail or workhouse in default of payment of either fine and costs, or both, which will cause imprisonment therein for thirty days or more, and a sentence imposed that will confine such female for a longer period is both unlawful and void.

2. If any such sentence is clearly unauthorized and void, relief from imprisonment may be obtained by habeas corpus.

TURNBAUGH, J.

Relator, Mrs. Paul Kudrick, by habeas corpus proceedings, seeks to be released and discharged from imprisonment in the county jail of this (Guernsey) county, wherein she is now confined under commitment by the mayor of the village of Byesville, this county, which commitment, reads as follows:

"To the Keeper of the Jail in the County aforesaid:

Whereas Mrs. Paul Kudrick has been arrested on the oath of W. H. Cooper for possessing intoxicating liquors containing one-half of one per cent or more by volume and fit for beverage purposes, * * * and the said Mrs. Paul Kudrick having been brought before me, mayor of said municipal corporation to answer to said charge and having pleaded guilty thereto, and having been sentenced by me * * * to pay a fine of $1,000 and also costs of $25.50 and to be imprisoned in the jail of the county aforesaid, there to remain until said fine and costs be paid or

secured to be paid or until he (she) be otherwise discharged according to law.''

''Therefore, in the name of the State of Ohio, I command you to receive the said Mrs. Paul Kudrick into your custody in the jail of the county aforesaid, there to remain until discharged by due course of law.

Given under my hand and official seal this 22nd day of April, A. D. 1922.   W. S. Stage, Mayor.''

The sentence imposed, in default of payment of said fine and costs, either or both, would result in imprisonment of relator for more than thirty days, and combined for a period of more than four and one half years by statutory allowance of credit of sixty cents per day for each day of her confinement in said jail.

Relator bases her right to release on the ground that the committing magistrate, the mayor, was without and had no authority right or power to sentence her to imprisonment in the county jail for non payment or either fine or costs that would cause her imprisonment for thirty days or more, because of the provisions and prohibitions of Sections 2148-1, 2148-5, 2148-6 and 2148-7 General Code, which provision pertinent to the question here raised are as follows:

Section 2148-1: ''The Ohio Reformatory for women shall be used for the detention of all females over sixteen years of age, convicted of a felony, misdemeanor or delinquency as hereinafter provided etc.''

Section 2148-5: ''As soon as the Governor shall be satisfied that suitable buildings have been erected and are ready for use and for the reception of women convicted of *felony* he shall issue a proclamation to that effect, * * * and from the date of said proclamation all portions of this act except those relating to the commitment of misdemeanants and delinquents shall be in full force and effect.  Whenever additional buildings have been completed so as to care for *misdemeants*, a proclamation shall be issued and published in the same manner and copies furnished to county clerks of courts and to all judges and magistrates having authority to sentence misdemeanants, and from and after the date of this (second) proclamation all portions of this act relating to the commitment of persons to said reformatory shall be in full force and effect.''

Section 2148-6: ''Female persons over sixteen years of age found guilty of a *misdemeanor* by *any* court of this state, shall be sentenced to the Ohio Reformatory for Women, etc.''

Section 2148-7: "After the issuance of the first proclamation hereinbefore referred to (Sec. 2148-5) * * * it shall be *unlawful* to sentence any female convicted of a felony to be confined in either the Ohio Penitentiary or a jail, work house, house of correction or other correctional or penal institution, and after the issuance of the *second* proclamation it shall be unlawful to sentence any female convicted of a *misdemeanor* * * * to be confined in any such place * * * unless such person is over sixteen years of age *and* has been sentenced for *less than thirty days* or is remanded to jail in default of payment of either fine and costs or both *which will cause imprisonment for less than thirty days* * * *."

The offense charged against relator, if any be charged by the language employed in this commitment or mittimus, is that of a misdemeanor only.

Pursuant to Section 2148-5, the Governor issued proclamations and on the 27th day of December 1916 issued the second proclamation relative to misdemeants, as follows:

State of Ohio, Executive Department, Office of the Governor.

### Proclamation.

"Whereas, under authority of Section 2148-1 of the General Code of Ohio, there has been established an institution to be known as the Ohio Reformatory for Women, and Whereas such institution has by Proclamation been duly declared ready for use of all women convicted of a felony in accordance with Section 2148-5 of the General Code of Ohio, and Whereas additional accomodations have been provided so as to care for *misdemeanants* and delinquents, Now Therefore, I, Frank B. Willis, Governor of the State of Ohio do order and proclaim that *all* portions of this act relative to the commitment of *misdemeanants* and delinquents to said institution be and the same are now in full force and effect, and that the Secretary of State be and hereby is directed to furnish copies of this Proclamation to county clerks of courts and to all judges and magistrates having authority to commit to said institution."

Since the issuing of this second proclamation, Dec. 27, 1916, the provisions of Section 2148-6 and Section 2148-7 have been fully operative. The limitations of Section 2148-7 on all judges and magistrates to sentence female misdemeanants to imprisonment in jail or work-house other than as therein fixed are certain

and controling; the language employed is clear, plain, readily understandable and unambiguous. This section needs no construction, its provisions relative to sentence are mandatory, not directory and judges and magistrates must sentence in accordance therewith, and not contrary thereto.

It therefore follows that the committing magistrate, the mayor of Byesville, Ohio, had no authority or power to sentence relator to the jail of the county in default of payment of fine and costs that would confine her in jail for thirty days or more, and such sentence having been so imposed and relator having been so committed, she is unlawfully imprisoned and is entitled to be discharged from custody, if proceedings in habeas corpus be the proper remedy.

In *State ex rel Conners vs DeMuth,* 96 O. S., 519, at page 528, the Supreme Court holds:

"If *errors* or *irregularities* have occured in the proceeding or *sentence,* a writ of error is the proper proceeding."

and cites and approves:

*In re Allen,* 91 Ohio St. 315; *Ex parte Van Hagan,* 25 Ohio St. 426; *Ex parte Shaw,* 7 Ohio St. 81.

In *Re Allen, supra,* the sentence was erroneous, the trial court had jurisdiction of the petitioner and to try and to sentence him to a fixed term in the Penitentiary. Instead of imposing a determinate sentence the court imposed an indeterminate sentence —the punishment imposed was erroneous and voidable but not void, and making application of the provisions of Section 12165 General Code—"that if the court or magistrate had jurisdiction to render judgment (sentence) the writ (of habeas corpus) would be denied, the writ was refused.

In *Ex Parte Van Hagen, supra,* (page 432) the punishment inflicted by the sentence was in excess of that prescribed by law; it was erroneous and voidable but not absolutely void."

In *Ex Parte Shaw,* 7 Ohio St., 81, holds the law to be:

"Imprisonment under a sentence can not be unlawful, unless the sentence is an absolute nullity. If *clearly unauthorized and void, relief from imprisonment may be obtained by habeas corpus;* if voidable a writ of error is the appropriate remedy."

If the sentence in the case at bar is clearly unauthorized and void, then this proceeding is proper, but if it is voidable only then it is not the proper remedy.

That the sentence imposed was unauthorized and void is clear in the light of the language of Section 2148-7, General Code:

"after the issuance of the second proclamation *it shall be unlawful* to sentence any female convicted of a misdemeanor in any such place (jail or workhouse) * * * unless for less than thirty days, or * * * in default of payment of either fine and costs or both, which will cause imprisonment for less than thirty days."

If an act is *unlawful* it is not erroneous or voidable, but it is wholly unauthorized and void.

Under this section of the statute the sentence imposed in this case was not only void but prohibited, and the holding is that habeas corpus is the proper procedure.

The writ therefore is allowed, finding had in favor of the relator, and she is ordered discharged from custody and costs adjudged against respondent.

Whether the committing magistrate may yet impose proper sentence—to the Women's Reformatory—in default of payment of fine and costs is not here determined; that he may not sentence to workhouse or jail is attributable to the act of the Legislature in limiting the power of courts to so sentence and the remedy must come through the Legislature.