## JOHN HANCOCK MUTUAL LIFE INS CO v JENNINGS

Ohio Appeals, 2nd Dist, Franklin Co

No 2394. Decided April 23, 1934

Vorys, Sater, Seymour & Pease, Columbus, for plaintiff in error.

C. C. Crabbe, Columbus, and Garek & Sillman, Columbus, for defendant in error.

## OPINION

By BARNES, J.

The entire question revolves around the certificate signed by Dr. LeFevre, together with his proffered testimony.

The legal question demands a determination as to the status of Exhibit Number 1, (Dr. LeFevre's statement), and the question of privilege as it applies to his proffered testimony.

As we understand the question, the death claim and certificate signed by Mrs. Jennings, together with that signed by Mr. Dorgan, would be a complete compliance with all the requirements of the policy.

In the certificate signed by Dr.LeFevre, he says cause of death was cordio Vascular renal disease and that the duration of this malady was two years. From this it is contended that the insured was not in good health at the time that the policies were issued to him, and further Dr. LeFevre certifies that he treated the insured for this malady in August, 1930.

If this certificate is admissible as tending to support the issue raised under the second and third defenses of the answer, then a new trial should be ordered.

Even though the assistant manager of the defendant company volunteered to procure all the requisite data for the claimant, Mrs. Jennings, yet she would prima facie be bound insofar as the questions and answers are embraced within the provisions of the policy. As a predicate for her claim against the company, there are certain conditions precedent and these she must furnish. Beyond this requisite she would not be bound by the act of the assistant manager in having questions answered not within the provisions of the policy.

For determination of this question we must go to the policies themselves. The fol-

lowing provision is found on the first page:

"On satisfactory proof of the death of the insured made in the manner and to the extent required herein and upon surrender of the policy and premium receipt books, the company will pay."

The thing herein provided to be furnished is "satisfactory proof of death of the insured." The language following amplifies and this proof must be made "in the manner and to the extent required herein."

The only other requirement "herein" is on page 3 and reads as follows:

"PROOF OF CLAIM. In case of death of the insured proof of claim must be made on blanks to be provided by the company, shall contain answers of the claimant, physician and other persons to all the questions asked therein and shall conform to all the requirements thereof."

This latter provision must be read in connection with the first. If not so limited, the designation "other persons" might permit the calling of many individuals and asking innumerable questions not germane to the subject, to-wit: "Proof of death". The effect of such a construction would be to require a claimant to effect statements which might be made by irresponsible individuals. We are unable to subscribe to the doctrine that such an interrogation can be made from individuals not under oath and then place upon the claimant the burden of meeting a prima facie case against her. It is not possible to conclude from a reading of the entire policy that there is the obligation upon the part of the plaintiff to establish that the decedent was a proper subject for insurance. He and the company dealt at arm's length, and when the policies were issued to him the presumption arises that it is a binding legal contract. Of course, this is a rebuttal presumption but surely the obligation would not devolve upon the claimant to meet it before it is raised.

Under the second and third defenses of the answer the issue is raised. We can not think that the defendant should be permitted to present this unverified statement of Dr. LeFevre, which was procured by the representative of the company as a document having probative force against the claimant.

The trial court based his rulings on the case of **American Assurance Company v Walter H. Early, 23 O.C.C., page 418,** approved by the Supreme Court without opinion **91 Oh St, 367.** Syllabus 4 reads as follows:

"Statements in a physician's affidavit introduced in an action upon an insurance policy to make proof of loss are not competent as evidence to establish an affirmative defense as that the disease from which the insured died existed before the renewal of her policy."

A reading of the case cited will show that it has many features comparable to the instant case, although the case now on trial in its facts is stronger in support of claimant than the reported case. Counsel for the insurance company urge that this rule is contrary to the great weight of authority in other jurisdictions, including decisions by the United States Supreme Court. Many of these cases are to be distinguished in that the questions answered were necessary for compliance with the clear provision of the policy. Nothing less than a decision by the Supreme Court of Ohio renders the question stare decisis, but we think under the affirmance in **91 Oh St, 367,** supra, the law is settled on this question.

We next take up the question as to whether or not the testimony of Dr. LeFevre was properly rejected.

Sec 11494 GC, contains the following:

"PRIVILEGED COMMUNICATIONS AND ACTS. The following persons shall not testify in certain respects. * * * a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient."

A determination of this question revolves around the construction to be given to the word "communication". In the case of **Metropolitan Life Insurance Company v Howle, 68 Oh St, 614,** this phrase was limited to statements made by patient to physician or physician to patient. Information obtained by the physician through a personal examination was held not to be a communication. This limited construction is only ascertained from a reading of the facts and the opinion. It does not appear in the syllabus.

In the case of **Ausdenmoore et, executors v Olzbach, 89 Oh St, 381,** the Supreme Court in a per curiam opinion made the following announcement:

"We hold that a communication by the patient to the physician may be not only by word of mouth but also by exhibiting

the body or any part thereof to the physician for his opinion, examination or diagnosis, and that sort of communication is quite as clearly within the statutes as a communication by word of mouth."

It is urged that the two cases are to be distinguished by reason of the nature of the actions. We can not accept this contention. The statute prescribes a rule of evidence and as such it is applicable in any form or action. Attention is called to the fact that the Supreme Court in this 89 Oh St, supra, makes no reference to the earlier case in 68 Oh St, supra. Regardless of this fact, we are bound to accept the latest pronouncements:

**Mutual Life Insurance Company of Baltimore v Connell, 43 Oh Ap, 415, 4th syllabus (12 Abs 203).**

Wigmore on Evidence, Volume 4, §2384 (publication 1905) reads as follows:

"A communication may be made by exhibition, or by submission to inspection, as well as by oral or written narration or utterances. The invitation to the physician to prescribe assumes that he will first obtain the data for the prescriptions; and since the usual method of obtaining these involves the physician's own observation as well as the patient's narration, the invitation to prescribe in an implied communication of all the data which the physician may by any method seek to obtain as necessary for the prescription. It is therefore well settled that the data furnished passively through submission to inspection, are equally within the privileges—and this whether the patient was himself aware or not of the existence of the specific data discovered."

We find no error in the order, proceedings or judgment of the trial court, and therefore the petition in error will be dismissed, at its cost. Exceptions will be allowed to the plaintiff in error.

HORNBECK, PJ, concurs.
KUNKLE, J, not participating.

## ON APPLICATION FOR CORRECTION

Decided May 8, 1934

By THE COURT
The above entitled cause is now being determined on application for correction of original opinion and certification to Supreme Court, by counsel for plaintiff in error.

Attention is called to the second page of the opinion, wherein the statement was made that agent of Insurance Company procured statement and certificate of Dr. LeFevre on his own volition without any suggestion or knowledge of Mrs. Jennings. We still think this is substantially correct, for we doubt very much if Mrs. Jennings had actual knowledge of the requirements or purpose, but rather was leaving the entire matter to the agent. However, it does appear in the evidence that the agent told Mrs. Jennings that he would procure the certificate of Dr. LeFevre, and therefore it is probably not literally correct that the certificate was procured without her knowledge. The correction may be made on page 2 of the opinion by striking out the words "or knowledge." It will then read, "This was probably procured on his own volition without any suggestion of Mrs. Jennings."

We are asked to certify this case to the Superintendent on the theory that our opinion is in conflict with **Wills v National Insurance Company, 28 Oh Ap, 497 (6 Abs 694).** We have examined this case very critically and are unable to find any conflict.

It is true that Judge Sullivan, delivering the opinion on page 505, makes an observation which is purely dictum. The syllabus of the case makes no such announcement. The question was not at all involved in the case.

In the reported case the testimony presented and objected to was that of a nurse and a physician connected with the hospital. The decision of the court was that neither the nurse nor the hospital physician would come within the provisions of §11494 GC respecting privileged communications.

We should be very glad to aid counsel in their effort to obtain a review in the Supreme Court, but being bound to pass judicially on the question as to whether or not there is a conflict, we are not able to so find.

We still think that we were bound in the determination of this case by the decision of the Supreme Court in **Ausdenmoore v Holzbach, 89 Oh St, 391.**

The case of **New York Lfe Ins. Co. v Snyder, 116 Oh St 693,** is interesting and pertinent to some features of our instant case.

HORNBECK, PJ, and BARNES, J, concur.