**CARSON, et, Plaintiffs-Appellees, v. BEATLEY, Defendants-Appellants.**

Ohio Appeals, Second District, Champaign County.

No. 115.  Decided December 1, 1948.

400

Brand & Wagner, Urbana, for plaintiffs-appellees.
Seibert & Seibert, Urbana, for defendants-appellants.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment entered on the verdict of a jury finding that the purported last Will and Testament of Ida Carson, deceased was not her last will and testament.

Nine errors are assigned, the first of which relates to irregularities in the court and jury and abuses of discretion by the court, by which the appellants were prevented from having a fair trial. Under this heading it is asserted, (one) that the court erred in dismissing prospective jurors from the panel without conforming to the provisions of §11419-46 GC that a juror to be excused should state his reason in open court and failing to observe §11419-48 GC in that the judge, himself, selected the talesman necessary to make up the panel without a motion therefore by either party having been made, and (two) in limiting to thirty minutes the final argument of counsel for the defendant to the jury. The first of these contentions is not well made because the irregularities, if any, were not made the subject of objection or exception nor called to the attention of the trial judge in any manner whatever by counsel prior to the impaneling and completion of the jury. The second is not made for like reason, viz; that no objection nor exception was noted to the act of the

court. Without such bases the claimed errors are not exemplified and not presented on this appeal.

The second, third, and fourth assignments involve the action of the court in the admission and rejection of evidence. It is especially urged that the court erred in permitting Dr. Vogt Wolfe to testify over the objection of appellants that his statements were privileged communications under §11494 GC.

The factual development upon the testimony of Dr. Wolfe is somewhat different from that which is found in any of the Ohio cases. For fifteen years before the death of Mrs. Carson, Dr. Wolfe had been the family physician of the Carsons and had treated her at intervals until a comparatively short time before her death. In the late summer and fall of 1946, the doctor had called upon Mrs. Carson approximately twenty times and he had opportunities, no doubt, to observe Mrs. Carson's mental condition on his professional visits whether or not he was treating her for any impairment of her mind. At one place in his testimony he says that his conclusions are based "partly on what he knew was the matter, whatever her trouble was," and he says that the affliction affecting her mind was senile dementia. After developing the professional relations between the doctor and his patient, he was requested to state what her physical and mental condition was. Upon objection the question was restricted to her mental condition and he testified very fully and to the fact that she was not qualified to make a will when it was made. The notable deficiency in Dr. Wolfe's testimony is that at no place either upon direct or cross-examination does it appear whether or not he was treating her for senile dementia. However, from other places in the record, and particularly from the testimony of Alice Beatley, it develops that the doctor attended Mrs. Carson after a fall which she suffered in August, 1946; on an occasion when she took her stimulant instead of a tonic which had been prescribed, and at another time for a digestive disturbance.

The cases in Ohio respecting the admission or rejection of evidence as to privileged communications may be classified generally in three groups; One, those in which it is clear that the testimony sought to be introduced related to physical or mental conditions which was material to an issue, and as to which the physician in that relation has secured information from examination of, communications between or from the patient during the professional visits of the doctor to his patient. **Ausdenmoore v. Holzback, 89 Oh St 381; Baker v. Industrial Comm., 135 Oh St 491, 21 N. E. (2d) 593; Industrial Comm. v. Strassel, 11 Oh Ap 234, 30 O. C. A. 460; Prudential**

Insurance Co., v. Heaton, 20 Abs 454; Brotherhood of Rd. Trainmen v. Daly, 11 O. C. C. N. S. 464; John Hancock Mutual Life Ins. Co. v. Jennings, 17 Abs 583; Russell v. Penn. Mutual Life Ins. Co., 70 Oh Ap 113, 41 N. E. (2d) 251; McKee, Admr. v. New Idea Inc., 36 Abs 563, 44 N. E. (2d) 697.

Second, those in which the physician, although attending the patient professionally, secured the information to which he testified by general observation independent of his professional relationship. Insurance Co. v. Howle, 68 Oh St 614, 68 N. E. 4; Heiselman v. Franks, 48 Oh Ap 536, 194 N. E. 604.

Third, those wherein the testimony was related to a mental condition and the physician was attending the patient for a physical illness not connected with or related to any mental ailment. Meier, et al v. Pierano, 76 Oh Ap 9, 62 N. E. (2d) 920; Olney v. Schurr, 21 Abs 630.

The authority most relied upon by appellees and which was cited to the court at the time the evidence was admitted is that of Meier, et al. v. Pierano, supra. Judge Doyle in the opinion in this case says that the professional relationship had no connection with any mental disorder of the patient to which the physician testified. To like effect is the holding of this court, although no member of the court, as now constituted, participated, in Olney v. Schurr, supra. It should be said that the Supreme Court has not ruled unless in the case of Insurance Co. v. Howle, supra, or expressed any opinion as to the soundness of the judgment in the Meier and Olney cases. See opinion of Barnes, Judge, in John Hancock Mutual Life Ins. Co. v. Jennings, supra, in which he implies that Insurance Co. v. Howle, supra, has been in effect, reversed by Ausdenmoore v. Holzback, supra. See, also, critical note on Heiselman v. Franks, supra, in 2 O. O. 389.

If it may be said that the illnesses for which Dr. Wolfe treated Mrs. Carson were those which are mentioned by Alice Beatley, then his testimony was admissible under the authority of Olney v. Schurr, and Meier v. Pierano. Upon his own testimony, it may not be said whether he was treating Mrs. Carson for physical or mental illness, although any information which he received respecting her condition, physical or mental, was gotten only during his professional visits.

At common law there was no privilege accorded a patient as to any communication made to him by his physician. Such right is only assured by statute, as in Ohio. Before the privilege may be available it must appear that the testimony under consideration comes clearly within the terms

of the statute, which must be strictly construed. **Weiss v. Weiss, 147 Oh St 416; 34 O. O. 350, 72 N. E. (2d) 245.**

We cannot say upon this record that it clearly appears that the testimony which was admitted comes within the privilege accorded by the statute. The most that could be said is that upon the doctor's statement, the evidence may or may not have been the result of a privileged communication. Upon Mrs. Beatley's testimony it was properly held to be admissible. In the situation developed we hold that the right to the privilege not being made definitely to appear it was not erroneous to receive the testimony over the objection of appellants.

As the question of privilege is the only error of substance assigned, without further discussion, we hold that the judgment should be affirmed. It will be so ordered.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.