**NEWMAN, Plaintiff-Appellee, v. METCALF, Exr., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4346.  Decided December 15, 1949.

Draper, Lombardo & Morgan, Columbus, for plaintiff-appellee.

Henry A. Reinhard, Columbus, for defendant-appellant.

**OPINION**

By THE COURT.

Four errors are assigned to the money judgment on behalf of the plaintiff.

1 and 2 are that the judgment is contrary to the manifest weight of the evidence and to the law.

The 3rd, in admission of testimony on behalf of the plaintiff.

The 4th, in refusing to admit certain competent and material evidence offered by the defendant.

We find no argument whatever in the brief to support the 4th error assigned.

Upon the 3rd, it is objected that Dr. McShane, the attending physician of the defendant's decedent, was permitted to testify to a privileged communication between him and his patient.  The trial judge permitted no testimony which could

even remotely be considered a privileged communication and ruled out other evidence upon that ground which, in probability, was competent. Second class of cases cited in **Carson v. Bentley, 54 Abs 402.**

The 1st and 2nd assignments have no merit whatever except as they may relate to the effectiveness of the proof that defendant's decedent had promised the plaintiff to pay her $7.00 per day for the services to be performed under the contract pleaded. As a predicate for this contention counsel for defendant concedes that the action was on an express contract one of the terms of which fixed the rate of pay.

Upon examination of the petition there is some doubt if the action is not in quantum meruit. Be that as it may, the one witness who testified on the subject of an express contract as to the amount to be paid, at three places in the record states that he heard Anna Carroll, defendant's decedent, promise to pay plaintiff $7.00 per day for the services to be rendered by her for decedent. It is true that this testimony is somewhat weakened by cross-examination, and by former statements made by the witness, but on the whole, the trier of the fact had the right to resolve it in favor of the claim of the plaintiff.

If the action is on quantum meruit the evidence is convincing that $7.00 per day was most reasonable.

The cause was tried to a judge without the intervention of a jury and the finding and judgment are well supported by the evidence.

Judgment affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.