[Cite as *State v. Stansell*, 2021-Ohio-203.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 109023

    v.

MICHAEL STANSELL,                       :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** January 28, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-97-356129-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

ON RECONSIDERATION[1]

LARRY A. JONES, SR., J.:

{¶1} Pursuant to App.R. 26(A)(1)(a), plaintiff-appellee, the state of Ohio, has filed an application for reconsideration of this court's opinion in *State v. Stansell*, 8th Dist. Cuyahoga No. 109023, 2020-Ohio-3674 ("*Stansell III*"). The test regarding whether to grant a motion for reconsideration under App.R. 26(A)(1(a) "'is whether the motion * * * calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by [the court] when it should have been.'" *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, ¶ 182, quoting *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1982). The state contends that our decision in *Stansell III* improperly failed to consider *State v. Stansell*, 8th Dist. Cuyahoga No. 100604, 2014-Ohio-1633 ("*Stansell II*"). We agree and therefore issue this reconsidered opinion.

{¶2} The within case is defendant-appellant, Michael Stansell's second appeal to this court over the issue of whether the trial court erred by not vacating his sexually violent predator specifications. For the reasons that follow, we vacate the specifications and remand for resentencing.

---

[1]The original decision in this appeal, *State v. Stansell*, 8th Dist. Cuyahoga No. 109023, 2020-Ohio-3674, released on July 9, 2020, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized opinion in this appeal. *See* App.R. 22(C); *see also* S.Ct.P.R. 7.01.

I.

{¶ 3} In 1997, a 38-count indictment was filed against Stansell, charging him with sexually oriented crimes against two minor boys.  In 1998, pursuant to a plea agreement, Stansell pleaded guilty to two counts of rape of a child under age 13, one count of rape with a sexually violent predator specification, two counts of corruption of a minor, one count of gross sexual imposition with a sexually violent predator specification, and one count of pandering obscenity.

{¶ 4} As part of the plea negotiation, Stansell and the state recommended an agreed sentence of 20 years to life to the trial court; the trial court imposed the recommended sentence and classified Stansell as a sexual predator.  The "life tail" was purportedly mandatory due to the sexually violent predator specifications. Prior to this case, Stansell had never been convicted of a sexually oriented offense and, therefore, the sexually violent predator specifications were based on the charges contained in the indictment in this case.  However, the version of R.C. 2971.01(H) defining sexually violent predator that was in effect at the time required that for an offender to be so labeled, he or she had to have had a prior sexually oriented conviction.

{¶ 5} Stansell filed a motion to withdraw his guilty plea on the ground that his counsel was ineffective because counsel failed to tell him about the allied offenses statute; the trial court denied the motion.  This court upheld the denial of the motion in *State v. Stansell*, 8th Dist. Cuyahoga No. 75889, 2000 Ohio App.

LEXIS 1726 (Apr. 20, 2000) ("*Stansell I*"). Stansell did not raise the issue of his life tail in *Stansell I*, his direct appeal.

{¶ 6} In 2004, the Ohio Supreme Court issued a decision in a certified conflict case, *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, holding that a "[c]onviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the sexually violent predator specification are charged in the same indictment." *Id.* at syllabus.

{¶ 7} Four months after *Smith* was decided, the Ohio Legislature amended R.C. Chapter 2971, which governs "sentencing of sexually violent predators." The introduction to the bill, which amended the statute, states, in relevant part, that the amendment was made "to clarify that the Sexually Violent Predator Sentencing Law does not require that an offender have a prior conviction of a sexually violent offense in order to be sentenced under that Law." *See* 126 Am.Sub. H.B. 473.

{¶ 8} In 2013, Stansell filed his first motion to vacate the sexually violent predator specifications. The trial court denied the motion, and Stansell appealed. This court, relying on the Ninth and Tenth Appellate Districts' decisions, respectively, in *State v. Ditzler*, 9th Dist. Lorain No. 13CA010342, 2013-Ohio-4969, and *State v. Draughon*, 10th Dist. Franklin Nos. 11AP-703 and 11AP-995, 2012-Ohio-1917, found that *Smith* did not have retroactive application. *Stansell II* at ¶ 14-16.

**{¶ 9}** Specifically, this court cited the Ninth District's reasoning as follows:

> The Supreme Court of Ohio has held that "[a] new judicial ruling may be applied only to cases that are pending on the announcement date." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6, 819 N.E.2d 687, citing *State v. Evans*, 32 Ohio St.2d 185, 186, 291 N.E.2d 466 (1972). Thus, "[t]he new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *Ali* at ¶ 6.

*Stansell II* at ¶ 15, quoting *Ditzler* at ¶ 11.

**{¶ 10}** Because Stansell's case was not pending at the time *Smith* was decided, this court held that it had no retroactive application. *Stansell II* at ¶ 16. Stansell attempted to file a delayed appeal to the Ohio Supreme Court; the court denied the motion for delayed appeal. *State v. Stansell*, 140 Ohio St.3d 1413, 2014-Ohio-3785, 15 N.E.3d 882.

**{¶ 11}** In 2019, this court decided *State v. Frierson*, 8th Dist. Cuyahoga No. 106841, 2019-Ohio-317. The defendant in *Frierson* was charged in 2016 with sexually oriented offenses that contained sexually violent predator specifications; the crimes were alleged to have occurred in 1997. The defendant did not have any prior convictions for sexually oriented offenses. The defendant was found guilty on several of the charges, as well as the sexually violent predator specifications. On appeal to this court, he challenged his convictions on the specifications, contending that they violated the Ex Post Facto Clause of the United States Constitution.

**{¶ 12}** This court agreed, reasoning as follows:

> Under the plain language in R.C. 2971.01(H)(1) as it existed at the time of Frierson's offenses, he was not eligible for the enhanced, indefinite sentencing under R.C. 2971.03 because he did not qualify as

a sexually violent predator. As the Ohio Supreme Court stated in *Smith* [104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283], the words of R.C. 2971.01(H)(1) as it existed during the relevant periods clearly indicated that at the time of indictment, the person must have already been convicted of a sexually violent offense in order to be eligible for the specification. The legislature's subsequent amendment of the statute following *Smith* was not mere "clarification" as the state argues, but a significant and substantive change to the definition of "sexually violent predator," allowing, for the first time, the underlying conduct in an indictment to satisfy the specification without a prior conviction. As applied to Frierson, this amendment greatly enhanced his potential punishment by subjecting him to the indefinite sentencing found in R.C. 2971.03 whereas he was not subject to an enhanced sentence prior to the amendment. Therefore, we find that amended R.C. 2971.01(H)(1), as applied to Frierson, violates the Ex Post Facto Clause of the United States Constitution.

*Frierson* at ¶ 12.

{¶ 13} After *Frierson* was decided, Stansell filed his second motion to vacate the sexually violent predator specifications. The trial court denied the motion, and this appeal ensues.

{¶ 14} Stansell's sole assignment of error reads: "The trial court erred as a matter of law in denying appellant's motion to vacate sexually violent predator specification and re-sentence defendant."[2]

---

[2]After *Frierson*, 8th Dist. Cuyahoga No. 106841, 2019-Ohio-317, this court reversed "life-tail" sentences on sexually violent predator specifications in two other cases: *State v. Townsend*, 8th Dist. Cuyahoga No. 107186, 2019-Ohio-1134, and *State v. Clipps*, 8th Dist. Cuyahoga No. 107747, 2019-Ohio-3569. *Frierson*, *Townsend*, and *Clipps* were all accepted by the Ohio Supreme Court upon the state's appeal. *See State v. Frierson*, 2019-Ohio-3797, 131 N.E.3d 961; *State v. Townsend*, 2019-Ohio-3797, 131 N.E.3d 956; and *State v. Clipps*, 2020-Ohio-122, 137 N.E.3d 1200. *Frierson* and *Clipps* are being held pending the decision in *Townsend*, which was recently released in *State v. Townsend*, Slip Opinion 2020-Ohio-5586 (Dec. 10, 2020). In *Townsend*, the Ohio Supreme Court affirmed this court's judgment that the ex post facto clause was violated by the application of the amended version of R.C. 2971.01(H)(1) to a defendant who

## II.

**{¶ 15}** Initially, we note that the sentence imposed on Stansell was an agreed sentence. Under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

**{¶ 16}** In other words, a sentence that is "contrary to law" is appealable by a defendant; however, an agreed-upon sentence may not be appealed if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence.

**{¶ 17}** In light of the above, we must determine whether Stansell's sentence is authorized by law. In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the Ohio Supreme Court held that "[a] sentence is 'authorized by law' only if it comports with all mandatory sentencing provisions." *Id.* at paragraph two of the syllabus.

**{¶ 18}** At the relevant time, Stansell did not, under R.C. 2971.01(H)(1), qualify for the enhanced, indefinite sentencing terms because he did not qualify as a sexually violent predator, that is, he did not have a prior conviction for a sexually oriented offense. Because his sentence was not authorized by law as it existed at

committed his or her offense prior to the amendment of the statute but was charged and convicted after the amendment.

the time of his sentencing, we are able to review it even though it was an agreed-upon sentence.

{¶ 19} We start by considering the impact *Stansell II* has on our review. As mentioned, in *Stansell II*, a panel of this court found that *Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, could not be applied retroactively.[3] This court decided the issue of Stansell's sexually violent predator status solely on *Smith*, stating that "[r]egardless of whether the principles of res judicata apply here, * * * the trial court did not err in denying appellant's motion to vacate." *Stansell II* at ¶ 6.

{¶ 20} Under the doctrine of stare decisis, courts adhere to precedent to create an orderly and predictable system of law. *Hall v. Rosen*, 50 Ohio St.2d 135, 138, 363 N.E.2d 725 (1977), *overruled on other grounds, Johnson v. Adams*, 18 Ohio St.3d 48, 47 N.E.2d 866 (1985). However, the doctrine does not absolve a court of its duty to analyze each case as it is presented. *Shearer v. Shearer*, 18 Ohio St.3d 94, 95, 480 N.E.2d 388 (1985). Moreover, "[n]othing less than a decision by the Supreme Court of Ohio renders * * *" a decision stare decisis. *John Hancock Mutual Life Ins. Co. v. Jennings*, 17 Ohio Law Abs. 583, 8, 1934 Ohio Misc. LEXIS 1235.

{¶ 21} At the time of *Stansell II*, the law regarding void sentences and res judicata was that void sentences were "not precluded from appellate review by

---

[3]Again, *Smith* held that, under the sexually violent predator statute as it existed at that time, a defendant could not be convicted of a sexually violent predator specification based solely on the presently indicted conduct.

principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40. And at that time, under Ohio law, improperly imposed sentences were deemed void despite the trial court having jurisdiction over the case and the defendant. *See, e.g., State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 (trial court's failure to fully comply with the statutory requirements related to postrelease control rendered sentence void).

{¶ 22} With the above in mind, we believe that we are not bound under the doctrine of stare decisis to follow *Stansell II*. At the time of *Stansell II*, whether res judicata prevented Stansell from successfully appealing his sentence necessarily depended on the propriety of the sentence. "If a judge imposes a sentence that is unauthorized by law, the sentence is unlawful. 'If an act is *unlawful* it [is] not erroneous or voidable, but it is wholly unauthorized and void.'" (Emphasis sic.) *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 21, quoting *State ex rel. Kudrick v. Meredith*, 24 Ohio N.P. (n.s.) 120, 124, 1922 Ohio Misc. LEXIS 262 (1922).

{¶ 23} Because Stansell could not qualify as a sexually violent predator at the time he was sentenced, his life-tail sentence was unlawful and res judicata did not apply. "If a judgment is void, the doctrine of res judicata has no application, and the propriety of the decision can be challenged on direct appeal or by collateral attack." *State v. Holmes*, 8th Dist. Cuyahoga No. 100388, 2014-Ohio-3816, ¶ 13.

Thus, at the time of *Stansell II*, Stansell's failure to raise this issue in his direct appeal was irrelevant.

{¶ 24} Further, at that time, the law was that "when the trial court disregards statutory mandates, '[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.'" *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22, quoting *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 30.

{¶ 25} The law at the time Stansell was indicted and sentenced did not allow for a sexually violent predator specification based on the conduct of the current indictment. *Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, merely clarified that, but that was the law before *Smith*. This court clarified that in *Frierson*, 8th Dist. Cuyahoga No. 106841, 2019-Ohio-317, noting that the amendment to the statute in the wake of *Smith* was "a significant and substantive change to the definition of 'sexually violent predator,' allowing, for the first time, the underlying conduct in an indictment to satisfy the specification without a prior conviction." *Id.* at ¶ 12. *Frierson* made clear that "[u]nder the plain language in R.C. 2971.01(H)(1) as it existed at the time of [the] offenses, [the defendant] was not eligible for the enhanced, indefinite sentence * * * because he did not qualify as a sexually violent predator." *Id.*

{¶ 26} We recognize that at the time of our decision in *Stansell III,* the Ohio Supreme had issued the first of two decisions, *State v. Harper*, 160 Ohio

St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, seemingly reversing course on the voidness doctrine in criminal sentencing. In *Harper*, the court considered what to do when a trial court errs in how it imposes postrelease control. Specifically, postrelease control was properly imposed but the consequences of violating it were not fully journalized. The court held that the defendant was barred under the principles of res judicata from challenging the imposition of postrelease control because he failed to make the challenge in his direct appeal. The *Harper* court went back to the "traditional understanding of void and voidable sentences." *Id.* at ¶ 34.

> "[A] judgment of conviction is void if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, i.e., jurisdiction to try the defendant for the crime for which he was convicted. Conversely, where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes res judicata as between the state and the defendant."

*Id.* at ¶ 22, quoting *State v. Perry*, 10 Ohio St.2d 175, 178-179, 226 N.E.2d 104 (1967).

{¶ 27} Although *Harper* was released at the time of our decision in *Stansell III*, the Ohio Supreme Court had not spoken at that time as to whether its shift on void and voidable sentences would apply to all types of sentencing errors. Moreover, *Harper* involved a situation where the trial court improperly imposed something it was allowed to — postrelease control — whereas, here, the court imposed a life tail when it was not allowed to. In other words, the trial court exceeded the statutory authority given to it for sentencing Stansell.

{¶ 28} The Ohio Supreme Court did consider the universal application of *Harper* on sentencing after our decision in *Stansell III*, when it released *State v. Henderson*, Slip Opinion 2020-Ohio-4784, and held that a "sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Henderson* at ¶ 27. In *Henderson*, the trial court was statutorily required to sentence the defendant to a life tail, but did not do so. The state, 18 years later, sought to impose the life tail. The Ohio Supreme Court held that the sentence was not void because the trial court had jurisdiction over the case and the defendant, and the state had had a full and fair opportunity to object to or challenge the trial court's sentence and did not.

{¶ 29} This case is different from *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *Henderson* because, here, Stansell, is serving more time than what was statutorily permitted at the time he was indicted and sentenced. The same was not true for the defendants in *Harper* and *Henderson*. The sentence in this case, therefore, implicates Stansell's constitutional rights.

{¶ 30} The United States Supreme Court has recognized that res judicata is generally inapplicable "where life or liberty is at stake." *Sanders v. United States*, 373 U.S. 1, 8, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *see also Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 558 N.E.2d 1178 (1990). Res judicata "'is to be applied in particular situations as fairness and justice require, and * * * is not to be applied so rigidly as to defeats the ends of justice or so as to work an injustice.'" *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 386-387, 653 N.E.2d 226 (1995)

(Douglas, J., dissenting), quoting 46 American Jurisprudence 2d, Judgments, Section 522, at 785-787 (1994), and citing *Goodson v . McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 202, 443 N.E.2d 978 (1983).

{¶ 31} Finally, "[j]udges have no inherent power to create sentences." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 22, citing Griffin & Katz, *Ohio Felony Sentencing Law*, Section 1:3, at 4, fn. 1 (2008), and *Woods v. Telb*, 89 Ohio St.3d 504, 507-509, 733 N.E.2d 1103 (2000). Rather, judges are duty-bound to apply sentencing laws as they are written. *Fischer* at *id.* Both *Harper* and *Henderson*, Slip Opinion 2020-Ohio-4784, recognize that res judicata does not preclude collateral attack of actions that a trial court does without authority. The trial court here imposed a sentence outside of its authority; *Harper* and *Henderson* should not serve as a bar to this court's review.

{¶ 32} In light of the above, Stansell's convictions on the sexually violent predator specifications are vacated and the case is remanded for resentencing without those specifications.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, P.J., AND
MARY EILEEN KILBANE, J., CONCUR