[Cite as *State v. Stansell*, 2022-Ohio-4079.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

   Plaintiff-Appellee,           :

v.                               :               No. 101555

MICHAEL STANSELL,                 :

   Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** November 15, 2022

---

Cuyahoga County Court of Common Pleas
Case No. CR-07-356129-A
Application for Reopening
Motion No. 558612

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, *for appellee.*

Michael Stansell, *pro se.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Applicant, Michael Stansell, seeks to reopen his appeal in *State v. Stansell*, 8th Dist. Cuyahoga No. 101555, 2015-Ohio-1822. However, this is an

appeal from an order of the trial court imposing postrelease control from a limited remand from this court, not a direct appeal from his conviction and sentence. As a result, App.R. 26(B) is inapplicable to this appeal. For this and other reasons outlined below, the application is denied.

{¶ 2} Stansell was convicted of various sexual offenses in 1998, for which he received an aggregate sentence of imprisonment of 20 years to life. He appealed his convictions to this court, which were affirmed. *State v. Stansell*, 8th Dist. Cuyahoga No. 75889, 2000 Ohio App. LEXIS 1726 (Apr. 20, 2000) ("*Stansell I*"). In 2013, Stansell filed a motion to vacate the 1998 sexually violent predator specification of which he was convicted. The trial court denied the motion, and Stansell appealed. We upheld the trial court's denial of the motion but remanded for the limited purpose of advising Stansell of and to properly impose postrelease control. *State v. Stansell*, 2014-Ohio-1633, 10 N.E.3d 795, ¶ 21, 23 (8th Dist.) ("*Stansell II*").

{¶ 3} On remand, the trial court held a limited sentencing hearing where Stansell was informed of postrelease control and the court imposed court costs and entered judgment against Stansell in an amount equal to the costs of his prosecution. Stansell appealed from this order, claiming the court erred when it imposed court costs and entered a judgment against him in the amount of those costs. *Stansell*, 8th Dist. Cuyahoga No. 101555, 2015-Ohio-1822 ("*Stansell III*"). On May 14, 2015, this court journalized an opinion affirming the judgment of the trial

court. We found that Stansell was ordered to pay court costs in the original 1998 sentencing entry and a claim to the contrary was barred by res judicata. *Id.* at ¶ 6.

{¶ 4} In 2019, Stansell filed a motion to vacate his sexually violent predator specification and sentence with the trial court. The court denied the motion, and Stansell appealed that decision. *State v. Stansell*, 2021-Ohio-203, 166 N.E.3d 1287 (8th Dist.) ("*Stansell IV*"). The panel hearing this appeal initially agreed with him and vacated his sentence relative to the sexually violent predator specification.[1] *Id.* However, in a decision en banc, this court affirmed the trial court's denial of Stansell's motion. *State v. Stansell*, 2021-Ohio-2036, 173 N.E.3d 1273 (8th Dist.) ("*En banc Stansell*"). A majority of judges sitting en banc, based on the Ohio Supreme Court's decisions in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, found that the error Stansell raised involved a sentence that was voidable, not void. *En banc Stansell* at ¶ 11. As a result, the three-judge merit panel determined that collateral review of the sentence for the sexually violent predator specification was precluded because it was not raised in the direct appeal. *Id.* at ¶ 6. In a concurring opinion, it was noted that "offenders seeking to challenge an allegedly erroneous sentence must do so in a timely direct appeal. If the error is not timely challenged, it could only be raised in a motion to reopen the appeal under

---

[1] This decision was on reconsideration and replaced the originally issued opinion, *State v. Stansell*, 2020-Ohio-3674, 154 N.E.3d 1179 (8th Dist.).

App.R. 26(B) or, if no appeal has been filed, as a delayed appeal under App.R. 5(A)." *Id*. at ¶ 23, fn. 2 (S. Gallagher, J., concurring).

{¶ 5} On October 3, 2022, Stansell filed an application to reopen *Stansell III*, rather than *Stansell I*. The state filed a timely brief in opposition on November 1, 2022. There, it argued that the application was untimely without good cause shown and the application failed on the merits.

{¶ 6} App.R. 26(B) provides for a limited means of reopening a direct appeal from the "judgment of conviction and sentence" based on a claim of ineffective assistance of appellate counsel. Appeals from other collateral attacks on the conviction and sentence are not subject to reopening. *State v. Melendez*, 8th Dist. Cuyahoga No. 109199, 2021-Ohio-840; *State v. Lawrence*, 8th Dist. Cuyahoga No. 109951, 2021-Ohio-3357, citing *State v. Perotti*, 8th Dist. Cuyahoga No. 73743, 2005-Ohio-2175, ¶ 3, citing *State v. Loomer*, 76 Ohio St.3d 398, 667 N.E.2d 1209 (1996).

{¶ 7} Here, Stansell is not attempting to reopen his direct appeal from the judgment of conviction and sentence. He is attempting to reopen an appeal from a limited sentencing hearing, the sole purpose of which was to inform him of the applicability and consequences of postrelease control. If this application is granted and the appeal is reopened, the issues would be limited to those that could properly be raised in that appeal. Those issues are confined to the purpose of the sentencing hearing: to properly inform applicant of postrelease control. *See Stansell III* at ¶ 6, citing *State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973, 18 N.E.3d 1199, ¶ 25-

The trial court had no jurisdiction to address issues beyond the scope of the limited remand, and therefore appellate counsel could not be ineffective for failing to raise any such issue. The holding of *En banc Stansell*, that res judicata bars collateral sentencing review when not raised in a direct appeal, would equally apply to a claim that appellate counsel was ineffective for not challenging the sexually violent predator specification and related sentence. Therefore, the application must be denied.

{¶ 8} App.R. 26(B) is inapplicable to the present appeal. Therefore, we decline to address whether the significant delay between the journalization of the appellate decision in *Stansell III* (May 14, 2015) and the filing date of the application (October 3, 2022) should be excused for good cause shown.

{¶ 9} Application denied.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR